## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JAMES FOLEY,
　　　　*Plaintiff*,

　　　v.

TOWN OF MARLBOROUGH,
　　　　*Defendants.*

No. 3:19-cv-01481 (VAB)

## RULING AND ORDER ON MOTIONS IN LIMINE

James Foley ("Plaintiff") has sued the Town of Marlborough ("Defendant") following his termination from employment, for interference in violation of the Family Medical Leave Act ("FMLA") under 29 U.S.C. § 2601 *et seq.* and retaliation in violation of the FMLA under 29 U.S.C. § 2612(a)(1) *et seq.* Am. Compl., ECF No. 36 (Mar. 9, 2020) ("Am. Compl.").

In advance of trial, the parties have filed various motions to preclude or limit certain types of evidence. *See* Defs.' Mot. in Lim. to Preclude Testimony, Evid., Argument, ECF No. 147 (Dec. 20, 2022) ("Mot. to Preclude"); Pl.'s Mot. in Lim. to Prohibit Discussions re: ADA Accommodations, ECF No. 152 (Dec. 20, 2022) ("ADA Mot."); Pl.'s Mot. in Lim. re: CRIS Moses Inadmissible Statements., ECF No. 153 (Dec. 20, 2022) ("Moses Mot.").

For the foregoing reasons, Defendant's motion *in limine* to preclude testimony, evidence, and argument , ECF No. 147, is **GRANTED in part** and **DENIED in part without prejudice**.

Plaintiff's motion *in limine* to preclude discussions of Americans with Disabilities Act ("ADA") accommodations, ECF No. 152, is **DENIED without prejudice**.

Plaintiff's motion *in limine* to preclude statements from Cris Moses, ECF No. 153, is

**DENIED without prejudice.**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Given the significant length of this litigation, the Court assumes familiarity with the

factual and procedural history of the case and includes only events relevant to the motions *in*

*limine*. *See* Ruling and Order on Mot. to Compel and Mots. For Sum. J., ECF No. 125 (Aug. 29,

2022) ("MSJ Order").

On August 29, 2022, the Court issued a ruling and order denying Defendants' motion to

compel, denying Defendants' motion for summary judgment, and denying Mr. Foley's motion

for summary judgment. MSJ Order.

On December 20, 2022, Defendants filed a motion *in limine* to preclude any testimony

and certain categories of evidence. Mot. to Preclude.

The same day, Mr. Foley filed a motion *in limine* to prohibit Defendant from introducing

comments, arguments, or reference to Defendant's alleged discussions of ADA accommodations

with Mr. Foley. ADA Mot.

The same day, Mr. Foley filed a motion *in limine* to prohibit to prohibit comments,

arguments, or reference to statements attributed to Chris Moses from the Department of Labor at

trial. Moses Mot.

On December 26, 2022, Defendant filed an opposition to Mr. Foley's motion *in limine* to

prohibit to prohibit comments, arguments, or reference to statements attributed to Chris Moses

from the Department of Labor at trial. Obj. to Pl.'s Mot. in Limine, ECF No. 155 (Dec. 26, 2022)

("Opp'n to Moses Mot.").

On December 26, 2022, Defendant filed an opposition to Mr. Foley's motion *in limine* to prohibit Defendant from introducing comments, arguments, or reference to Defendant's alleged discussions of ADA accommodations with  Mr. Foley, ECF No. 156 (Dec. 26, 2022) ("Opp'n to ADA Mot.").

On December 26, 2022, Mr. Foley filed an opposition to Defendant's motion *in limine* to preclude any testimony and certain categories of evidence. Obj. to Def.'s Mot. in Limine, ECF No. 157 (Dec. 26, 2022) ("Opp'n to Mot. to Preclude").

On December 29, 2022, Defendant filed a response to Mr. Foley's  opposition to the Defendant's motion *in limine* to  preclude any testimony and certain categories of evidence. Def.'s Reply to Obj. to Def.'s Mot. in Limine, ECF No. 158 (Dec. 29, 2022) (" Def's Reply").

On December 29, 2022, Mr. Foley filed a response to Defendant's opposition to Mr. Foley's motion *in limine* to prohibit comments, arguments, or reference to statements attributed to Chris Moses from the Department of Labor at trial. Pl's Reply to Obj. to Def.'s Mot. in Limine, ECF No. 159 (Dec. 29, 2022) ("Pl's Reply").

## II. STANDARD OF REVIEW

Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce*, 469 U.S. at 41 n.4).

A court should exclude evidence on a motion *in limine* only if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-1955

(VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal quotation marks omitted). The court also retains discretion to "reserve judgment until trial, so that the motion is placed in the appropriate factual context." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig*., 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Motion *in Limine* to Preclude Testimony, Evidence, and Argument

Defendant moves to preclude from offering at trial any testimony, evidence, argument or comment relating to the following:

> (1) Any claim by Plaintiff that his reputation was damaged by his termination from employment, the present litigation, or other matters related to his employment with the Town of Marlborough; (2) Any claim by Plaintiff that he did not exhaust his FMLA time when said time is measured using the Rolling Backward method, as this was not alleged in the Complaint or asserted prior to his opposition to summary judgment; (3) Any claim that Defendants interfered with Plaintiff's ability to take his FMLA leave by any delay in notifying him of his FMLA eligibility, by twice denying him FMLA leave, or by requiring him to take full days of FMLA leave, as these issues were decided in Defendants' favor in the Court's ruling on Defendants' Motion for Summary Judgment; (4) Any claim that prejudice is established per se or Plaintiff was entitled to the application of the calendar year method (or the calculation method that provided the most beneficial outcome) based on any delay in Defendants notifying him that the Town of Marlborough used the rolling method for calculating FMLA leave, as this issue was decided in Defendants' favor in the Court's ruling on Defendants' Motion for Summary Judgment and is not supported by controlling law; (5) the United States Department of Labor documents designated by Plaintiff as Exhibit 66 should not be admitted because they consist of non-final documents from an administrative proceeding that was compromised, is being submitted solely for prejudicial purposes, and is hearsay; (6) the summary of Plaintiff's leave usage submitted by Plaintiff as Exhibit 67 should not be admitted because it was prepared for litigation, is not a valid compilation as it fails to reference the specific documents on which it is based, and consists of the Plaintiff's own self-serving testimony; (7) Plaintiff should be barred from advancing the proposition that the Connecticut FMLA applied to him because the law is clear it did not, Plaintiff contended it did, and testifying it was applicable would confuse the jury; (8) the text messages from Marie Hall and Emil Haberen submitted by Plaintiff as Exhibits 45 and 63 should not be admitted

4

as they constitute hearsay; (9) the purported compilation Exhibit submitted as Exhibit 77 should not be permitted because the referenced documents do not include the actual applications submitted; (10) Plaintiff should be barred from submitting opinion testimony of Jennifer Foley and Denise Vashalifski as to "what could have been done differently in using the FMLA if the rolling method of calculation had been communicated with proper notice"; and (11) evidence that Marlborough did not have good cause to terminate his employment because a breach of the collective bargaining agreement was not alleged.

Mot. to Preclude at 2–3.

The Court will address each of these issues in turn.

### 1.    The Evidence of Reputational Harm Issue

Defendant moves *in limine* to preclude "[a]ny claim by [Mr. Foley] that his reputation was damaged by his termination from employment, the present litigation, or other matters related to his employment with the Town of Marlborough." *Id*. at 2.

Mr. Foley does not intend to offer evidence related to reputational harm. Opp'n to Mot. to Preclude at 2.

Accordingly, no ruling is necessary for this issue pertaining to evidence of reputational harm, and that motion *in limine* will be denied as moot.

### 2.    The Calculation of Hours Issue

Defendant moves *in limine* to "preclud[e] [Mr. Foley] from offering at trial any testimony, evidence, argument or comment asserting that he did not use his FMLA time when measured according to the rolling method." Mot. to Preclude at 4. Moreover, Defendant contends that "this assertion was not raised in the Complaint or in response to discovery, thus precluding it would be the appropriate sanction pursuant to Fed. R. Civ. P. 37." *Id.* at 4–5. In

5

addition, Defendant claims that "that no claim was raised that using the rolling method[1], Plaintiff had not exhausted his time." *Id.* at 5.

Mr. Foley argues that "[t]he Court has already addressed this assertion in the ruling on summary judgment wherein the Court stated Plaintiff was not required to set forth a separate claim in order to contest Defendant's calculation." Opp'n to Mot. to Preclude at 2.

The Court agrees.

As the Court addressed in its previous order, "Mr. Foley is not prevented from challenging whether he used his full FMLA leave time. Unlike in the *Lyman* case, Mr. Foley is not raising a new theory of liability or making a new claim. He is simply disputing a genuine issue of fact material to his interference claim." MSJ Order at 46. Thus, Mr. Foley is allowed to contest the calculation of hours based on his FMLA time.

Accordingly, Defendant's motion *in limine* to preclude Mr. Foley from offering evidence pertaining to the rolling method will be denied.

### 3. The Issue of Matters Previously Decided in the Court's Summary Judgment Ruling

Defendant moves *in limine* to bar Plaintiff "from presenting evidence in support of any claim based on issues decided in defendants' favor in the court's ruling on defendants' motion for summary judgment." Mot. to Preclude at 6. Specifically, Defendant argues that permitting "Plaintiff to re-litigate [FMLA leave] issues will prejudice Defendants as they will have to address issues that have already been decided and will result in confusion of issues as the jury may take these matters into account when determining whether Plaintiff was prejudiced by the late notice of the rolling method." *Id* at 7.

---

[1] The "rolling method" is the method that measures from the start of the fiscal year or measuring "from his first approved use of FMLA leave for [Mr. Foley's] own serious health condition." MSJ Order at 37 (citations omitted).

Mr. Foley argues that "while Plaintiff acknowledges that the Court has ruled that Plaintiff may not recover for certain technical violations of the FMLA, the technical violations in question were also found to be violations by the Department of Labor investigation conducted by Cris Moses, a person on Defendant's witness list." Opp'n to Mot. to Preclude at 3. Moreover, Mr. Foley contends that "[he] is not seeking damages for any interference associated with such technical violations" and "[his] purpose in presenting evidence of the ways Defendant handled Plaintiff's four requests for FMLA leave in 2017 and 2018 is to challenge Defendant's claim that it acted in good faith so as not to be liable for liquidated damage." *Id.*

Defendant further argues that "[t]o the extent it is pertinent to the good faith determination, evidence of other FMLA violations as to which the Court has already granted summary judgment should only be presented to the Court during a post-verdict hearing in damages." Def's Reply at 2 (citations omitted).

The Court agrees.

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "Irrelevant evidence is not admissible." *Id.* Indeed, even if relevant, courts are able to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

In this case, as a matter of law, this Court has already decided that Mr. Foley's FMLA interference claim does not include the following: (1) "Defendants' follow-up requests for additional information."; MSJ Order at 51; (2) "the denial of his first two FMLA leave requests"; *Id.* at 53**;** and (3) the issue of "his being required to take more FMLA than necessary," *Id.* at 55**.**

As a result, evidence about any of these three issues is not directly relevant to Mr. Foley's remaining FMLA interference claim: "the genuine issue of fact as to whether he was prejudiced by the lack of notification regarding the applicable calculation method." *Id.* at 51. And, to the extent this evidence is relevant, any evidence presented regarding these other issues, other than evidence directly related to the need for the jury to resolve the issue of whether "he was prejudiced by the lack of notification regarding the applicable calculation method," must be excluded under Rule 403 in order to avoid confusing the jury about the remaining issue for it to decide. *Id.*

Accordingly, the Court will grant Defendants' motion to bar Mr. Foley from presenting evidence in support of any claim based on issues decided in defendants' favor in the Court's summary judgment ruling, consistent with this Order and this Court's previous summary judgment ruling.

### 4.      Evidence in Support of Any Claim That Prejudice is Established *Per Se*

Defendant argues that "the Court addressed Plaintiff's claim that 'prejudice is established *per se* when the remedy provided by the regulation—the most beneficial outcome—is not afforded to the employee and the employee's employment is terminated for using leave that would otherwise have been covered by the FMLA.'" Def. Mot to Preclude at 8 (citing MSJ Order at 41). Moreover, Defendant contends that this Court in its previous order "held that [t]o find interference for failure to notify, Mr. Foley must establish that he was prejudiced by that failure." Def. Mot to Preclude at 8; MSJ Order at 46  In addition, Defendant notes that this Court in its previous ruling and order determined "[b]ased on the controlling standards set forth in *Ragsdale* and *Roberts* and multiple decisions by other courts, []contrary to Mr. Foley's

suggestion, prejudice is not established per se under these circumstances." Def. Mot to Preclude at 8; MSJ Order at 49 (internal citations and quotations omitted).

Mr. Foley argues that "the failure to notify him of the applicable method to calculate the 12 month leave period as required by the FMLA's notice regulations, each time he applied, has been held to be functionally equivalent of a failure to select under two decisions in the Sixth and Ninth Circuits, along with other district courts, all following the logic of *Bachelder v. Am. West Airlines*, Inc., 259 F.3d 1112 (9th Cir. 2001)[2], and stating it is a well-reasoned decision." Opp'n to Mot. to Preclude at 7. Mr. Foley contends that "[w]hile Defendant argues there is no Second Circuit authority on this precise issue, there is also no reason to believe that the Second Circuit would not follow the reasoning of *Bachelder* as did the Sixth Circuit and Defendant has provided no explanation otherwise." *Id.* at 8.

Defendant further argues that "[t]his Court should not follow the Ninth Circuit's pre-*Ragsdale* decision in *Bachelder*, or the Sixth Circuit's decision in *Thom* that did not take *Ragsdale* into account" and "it should follow the Supreme Court in *Ragsdale* and the Second Circuit in *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 162 (2d Cir. 1999)." In addition, Defendant contends that "[b]ased on the foregoing, and in accordance with its decision on the Motions for Summary Judgment, the court should rule that the only theory of liability Plaintiff can advance is that he was prejudiced by late notice of the calculation method utilized by Marlborough." Def. Reply at 4.

The Court agrees.

As stated in its previous ruling and order, on this prejudice *per se* issue:

---

[2] *See Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1117 (9th Cir. 2001) ("In rejecting American Standard's constructive notice arguments, the district court concluded that an employer is required to take affirmative steps to inform employees of its selected method for calculating leave.").

> When a plaintiff receives the full twelve weeks of FMLA leave, courts generally do not find interference. *Blodgett v. 22 S. St. Operations, LLC*, 828 F. App'x 1, 5 (2d Cir. 2020) (summary order) ("Because [the plaintiff] received all the time she requested and has not otherwise shown that her personal leave was somehow inferior to leave under the FMLA, [the plaintiff] has not shown that she was denied a benefit owed to her under the FMLA."); *Sarno*, 183 F.3d at 161–62; *De Oliveira v. Cairo–Durham Cent. Sch. Dist.*, No. 1:11–CV–393 (NAM/RFT), 2014 WL 4900403, at *19 (N.D.N.Y. Sept. 30, 2014) (granting summary judgment on an interference claim because, among other things, the plaintiff had "adduce[d] no evidence showing that [the defendant] discouraged her in any way from utilizing her FMLA leave"); *Bond v. Sterling, Inc.*, 77 F. Supp. 2d 300, 306 (N.D.N.Y. 1999) ("Since Plaintiff was given the leave which she requested and was entitled to under the FMLA (a fact she does not dispute), her claim . . . that defendants interfered with that right must be dismissed"); *see also, e.g.*, *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 428 (S.D.N.Y. 2004) ("Because plaintiff received the full twelve weeks of leave as allowed by the act, the only other right with which Columbia could be found to have interfered is the right to reinstatement at the end of her leave.")."

MSJ Order at 45–46.

Accordingly, Defendant's motion *in limine* on this issue will be granted.

### 5.    Admissibility of the DOL Investigative Report

"The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (quoting Fed R. Evid. 801(c)). "Hearsay is admissible only if it falls within an enumerated exception." *Id.* (citing Fed. R. Evid. 802).

Even if relevant and admissible, evidence may be excluded "if its probative value is substantially outweighed by a danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant argues that "[Mr. Foley] intends to submit into evidence the results of a Freedom of Information Act ('FOIA') request to the Department of Labor pertaining to an investigation of the Town's response to his FMLA usage, designated as Exhibit 66," and "[t]his exhibit consists of multiple different documents containing multiple instances of hearsay in violation of Fed. R. Evid. 802, the working notes of Department of Labor Cris Moses, and details about various claims that were subsequently settled." Def. Mot. to Preclude at 9. Defendant contends that "[m]ost of those claims are also the claims that the court decided in favor of Defendants as discussed in § III, *supra*," and "[i]ncluding the investigation of settled and dismissed claims would do nothing but inflame the jury in violation of Fed.R.Evid. 401 and 403." *Id.*

Mr. Foley argues that "[t]he DOL's investigative report is a governmental record admissible under Federal Rule of Evidence 803" and "[t]he DOL report of FMLA violations provides background that demonstrates that the Town of Marlborough was found to have violated the FMLA in numerous ways including the failure to provide the mandated notices, and other violations related to the submission of the Certificates from Health Care providers and follow up communications not permitted by the FMLA." Opp'n to Mot. to Preclude at 18. Mr. Foley contends that "[t]he DOL report is relevant to the Town's understanding of the FMLA and the extent to which it complied with its duties to Plaintiff" and "[g]iven that the case law states that an 'employer [must] first take active steps to ascertain the dictates of [the law] and then move to comply with them.'" *Id.* (quoting *Persky v. Cendant Corp.*, 547 F. Supp. 2d 125, 157 (D. Conn. 2008)). Mr. Foley argues that "the DOL report is clearly probative of issue of the Town's good faith as discussed above." *Id.*

Defendant further argues that "the notes have little, if any, probative value as to Cris Moses's statement that [Mr. Foley] orally told her he knew what calculation method Marlborough utilized" and "nowhere in the nearly four hundred pages of [DOL investigative report] are there any interview notes in which such an oral statement would be contained." Def. Reply at 5. Defendant further contends that "[t]he probative value of [the DOL investigative report] is thus nonexistent (or minimal at best) while the prejudicial effect of the numerous discussions of other violations is significant." *Id.*

The Court agrees in part.

As the Court stated above, this particular FMLA issue has already been decided. *See* MSJ Order at 53("[T]he Court finds that Mr. Foley does not have an interference claim, as it relates to Defendants' follow-up requests for additional information."). Thus, this evidence is not relevant for purposes of the trial. *See id.*

Accordingly, the Court will grant Defendant's motion to bar Mr. Foley from presenting evidence in support of any claim based on issues decided in defendants' favor in the Court's summary judgment ruling.

### 6.    The Application of the Connecticut FMLA Issue

Defendant argues that "[a]fter Plaintiff exhausted his FMLA time, he contended that the Connecticut FMLA would permit him additional time" and "[t]he Connecticut FMLA by its terms, however, does not apply to municipalities." Def Mot. to Preclude at 9. Defendant contends that Mr. Foley "should be barred from asserting that the Connecticut FMLA applied to the Town of Marlborough, as permitting him to do so would result in confusion of the issues in violation of Fed. R. Evid. 403—although, again, that he thought it was applicable is part of the story of the case." *Id.*

12

Mr. Foley argues that "[t]he issue of CT FMLA coverage only arises in connection with Plaintiff's confusion regarding his rights because Defendant failed to abide by its duty to inform Plaintiff of the rules applicable to his FMLA leave." Opp'n to Mot. to Preclude at 19. Moreover, Mr. Foley contends that "Plaintiff's confusion about his FMLA rights is relevant to this overall claim that Defendant's failure to notify him of his rights resulted in prejudice to Plaintiff and that Defendant did not process his FMLA claim in good faith." *Id.*

Defendant further argues that "[Mr. Foley] does not appear to be contending that the Connecticut FMLA applied to him," and "[t]hat is the argument Marlborough sought to foreclose through its Motion *in Limine*." Def. Reply at 5.

The Court agrees.

In the absence of Connecticut FMLA law being an issue in this case, under Rule 403 of the Federal Rules of Evidence, any presentation of this law would be "confusing, misleading, and would create undue delay." *Brocuglio v. Proulx*, 478 F. Supp. 2d 309, 331 (D. Conn. 2007), *aff'd*, 324 F. App'x 32 (2d Cir. 2009).

Accordingly, Defendant's motion *in limine* will be granted.

### 7.     The Summary of Mr. Foley's Leave Usage Issue

Defendant argues that "Plaintiff intends to submit a summary of his claims as to the FMLA time he claims to have used and his contentions as to inaccuracies in Defendants' FMLA calculations.  *See* Ex. F, P Ex. 67." Mot. to Preclude at 10. Furthermore, Defendant contends that "[t]his document is entirely argument prepared for litigation rather than a compilation," and "[i]ts reliability therefore cannot be assessed and is not a valid summary pursuant to Fed.R.Evid. 1006." *Id.*

Mr. Foley argues that "[t]he exhibit is in aid of Plaintiff's testimony and will assist the jury in understanding his claims related to the use of some of the 480 hours Defendant claims should be designated as FMLA leave over the nearly 52 weeks of Plaintiff's employment in 2018 and 2019." Opp'n to Mot. to Preclude at 20. Moreover, Mr. Foley contends that "[b]ecause the exhibit is demonstrative in nature and will aid Plaintiff in explaining his claim that Defendant did not count the hours appropriately based on what Plaintiff was told and using the rolling backward method, the Plaintiff should be permitted to make use of the document." *Id.*

Defendant further argues that Mr. Foley's "opposition makes clear that Exhibit 67 is not a true summary exhibit summarizing voluminous documents, but rather is an illustration of his anticipated testimony." Def. Reply at 5.

The Court agrees.

Exhibit 67 demonstrates the anticipated testimony of Mr. Foley and does not present any demonstrative value. *See Campos v. Zopounidis*, No. 3:09-CV-1138 VLB, 2011 WL 4852491, at *3 (D. Conn. Oct. 13, 2011) (holding that the defendants' trial exhibits "are inadmissible because they do not qualify as summaries under F.R.E. 1006 where the source documents are being offered by the Plaintiff").

Accordingly, Defendant's motion *in limine* will be granted.

### 8.     The Issue of the Text Messages from Marie Hall and Emil Haberen, Exhibits 45 and 63

Defendant argues that "Plaintiff intends to submit text messages sent by Marie Hall and Emil Haberen into evidence that purport to relay statements by Amy Traversa." Mot. to Preclude at 10. Moreover, Defendant contends that "Exhibit 45, the Hall texts, states as follows:

"Be very careful JP.  Barbara said Amy was bragging about how she suspended you

> for 5 days and that you have no union contract in effect so you are
> all considered hired at will" employees and she is on the warpath
> to fire you and any other teamster
> ***
> She obviously hates you a lot.  She hates me too and I don't care.
> What does she
> have to cease and desist?  Probably a list a mile loooonnnggggg
>
> I was told that Amy was in Dunkin Donuts last Friday blabbing,
> "we have this much evidence on him to get rid of him" making an
> "inch" gesture with her thumb and pointer finger. Also, Hayley has
> really nasty attitude. I ought to make a complaint about her to
> Mike O'Neil."

*Id.* at 11 (citing Ex. H, Plaintiff's Ex. 63).

In addition, Defendant contends the text from Emil Haberen states the following:

> Hi Cris I still would like to talk to you about a 1/10/19 meeting at
> public works where a change in our overtime policy was aimed at
> Jim because of his use of fmla. Jim was able to come in like
> everyone else prior on days using sick time and then able to collect
> overtime. This action stop Jim from collecting overtime or comp and
> he was unable to use that time in his recent shortfall of hours which
> contribute to his termination. At this meeting we were told by our
> supervisors that the policy change was aimed at Jim and his use of
> fmla. I want to know how you want to proceed with evidence that
> backs my statement.

*Id.* at 11 (citing Ex. H, Plaintiff's Ex. 63). Moreover, Defendant argues that "[t]his text consists entirely of Mr. Haberen's opinion as to why an overtime policy was implemented and hearsay as to what unnamed supervisors said, barred by Fed. R. Evid. 701," and "it is not addressed to Mr. Foley and can only be submitted into evidence by Mr. Haberen, otherwise it has not been authenticated in violation of Fed. R. Evid. 901." *Id.*

Mr. Foley contends that "[he] will not seek to admit Exhibit 45." Opp'n to Mot. to Preclude at 20. In addition, Mr. Foley argues that "Emil Haberen is expected to testify and so can authenticate the text message he sent to Cris Moses," and "[i]f Cris Moses testifies, it is relevant to inquire whether the action taken by the First Selectman would be permissible under the

15

FMLA–action that is directed against Plaintiff's ability to use overtime compensation time that Plaintiff could use to deal with his tinnitus issue." *Id.*

Defendant further argues that "[i]t is not clear what use [Mr. Foley] intends to make of the Haberen email," and "Plaintiff has not briefed any legal claim that Marlborough was not permitted to require that FMLA time be used when comp time is used for an FMLA qualifying reason; which a municipality is explicitly permitted to do." Def. Reply at 6 (citations omitted). Moreover, Defendant contends that "Emil Haberen raising an issue as to such with the DOL does not create a legal issue that this court should allow to be brought to a jury." *Id.*

The Court agrees.

In any event, Mr. Foley concedes that he will not be admitting Exhibit 45, so that issue is moot. In addition, Ms. Emil Haberen and Ms. Marie Hall will be testifying during trial, *see* ECF No. 142, Joint Trial Memo at 23, thus this issue is moot.

Accordingly, Defendant's motion *in limine* will be denied as moot.

### 9. The Job Search, Exhibit 77 Issue

Defendant argues that "Plaintiff intends to submit an exhibit as a compilation of his supposed job search efforts," and  "[t]he compilation makes numerous references to application confirmations, but the referenced documents contain only confirmation emails; they do not contain the applications themselves."  Mot. to Preclude at 12 (citations omitted). Moreover, Defendant contends that "[t]he jury will be unable to assess whether Plaintiff engaged in a good faith effort to secure employment because he has not maintained any records of the applications he actually submitted." *Id*.

Mr. Foley argues that "[t]he documents themselves would be admissible to demonstrate the effort undertaken by Plaintiff to make reasonable efforts to find other employment" and

"[t]hus, Exhibit 77 meets the test for admission of summaries and charts under Federal Rule of Evidence 1006." Opp'n to Mot. to Preclude at 20–21.

Defendant further argues that "[Mr. Foley] should not be permitted to present Exhibit 77 without providing the jury with the underlying documents so that the jury can see that the underlying documents do not demonstrate whether Plaintiff was engaging in a good faith job search," and "[w]ithout the actual applications submitted, the statement that Plaintiff applied is meaningless." Def. Reply at 6.

The Court agrees.

Under Federal Rule of Evidence 1006, "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or  copying, or both, by other parties at a reasonable time and place. And the court may order the  proponent to produce them in court." *Cellco P'ship v. City of Rochester*, 2022 U.S. Dist. LEXIS 150124, at \*34 (W.D.N.Y. Aug. 22, 2022). (citations omitted).

In order for Mr. Foley to abide by Fed. R. E. 1006, he must provide the jury with the "underlying documents" in order for the jury to determine whether Mr. Foley utilized it in good faith. *See United States v. Ho*, 984 F.3d 191, 209 (2d Cir. 2020) ("[T]he charts accurately quote the underlying emails and text messages and could be used as demonstratives[.]"). Since the underlying actual applications have not been submitted as evidence, however, this is not the case.

Accordingly, Defendant's motion *in limine* will be granted.

10.      **The Issue of the Opinion Testimony of Jennifer Foley And Denise Vashalifski**

Defendant argues that "Plaintiff's witness list includes his wife and sister who he intends to have testify about what could have been done differently in using the FMLA if the Rolling Method of Calculation had been communicated with proper notice," and "[t]his would constitute opinion evidence rather than fact evidence, in violation of Fed. R. Evid. 701." Mot. to Preclude at 12 (internal quotations omitted).

Mr. Foley argues that "[h]is' wife and sister are expected to testify to the facts and circumstances that existed at the time which directly related to Plaintiff's need and use of FMLA time," and "[g]iven the circumstances that existed, Plaintiff's wife and sister can corroborate Plaintiff's testimony and provide factual statements that would bear upon feasibility of different choices which could have been made." Opp'n to Mot. to Preclude at 22.

Defendant further argues that "[t]o the extent they are permitted to testify at all, their testimony should be strictly confined to factual testimony about what actually happened." Def. Reply at 12.

The Court agrees in part.

Mr. Foley's wife and sister are allowed to testify "to the facts and circumstances that existed at the time which directly related to Plaintiff's need and use of FMLA time." Opp'n to Mot. to Preclude at 22. As lay witnesses, however, any lay testimony by either of them cannot include their thoughts and opinions on FMLA usage *per se*, *see* FRE 701 (limiting lay witness testimony to testimony "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702"), but only about specific activities within the realm of their personal knowledge, *see* FRE 602 ("[a] witness may testify to a matter only if evidence is introduced

sufficient to support a finding that the witness has personal knowledge of the matter."). To the extent that Mr. Foley's wife and sister seek to testify about why Mr. Foley needed FMLA time, *see generally* 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 701 [02], at 701–19 to 701–21 (1991); *see also United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) ("[T]here is no theoretical prohibition against allowing lay witnesses to give their opinions as to the mental states of others."), such testimony only will be permitted to the extent that it relates to any such leave necessitated by family issues of which either or both of them are personally aware.

To the extent that either or both of them wish to testify about any specific medical condition of Mr. Foley, such testimony will be limited to their lay descriptions of such condition, and cannot, in any way, suggest any specific medical knowledge, more appropriate for an expert witness or treating physician under Rule 702. *See* Fed. R. Evid. 702(a) ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]").

Accordingly, Defendant's motion *in limine* will be granted in part and denied in part, and the testimony shall be limited consistent with this ruling and order.

### 11.    The Collective Bargaining Agreement

Defendant argues that "[i]n the joint trial management report, Plaintiff refers to the collective bargaining agreement having been breached because Marlborough did not have good cause for his termination and therefore violated the collective bargaining agreement," and "this claim was never raised in the Complaint and thus cannot be advanced at trial." Mot. to Preclude at 12–13.

Mr. Foley argues that "[t]he evidence shows that Plaintiff was given a *Loudermill* hearing in advance of termination of his employment," and "[he] is not making any claims of violation of the collective bargaining agreement in this case." Opp'n to Mot. to Preclude at 22.

Defendant further argues that "[Mr. Foley's] intent to interject evidence concerning the need for good cause termination will only result in confusion of the issues as the jury will then inevitability consider whether Marlborough had good cause to terminate his employment, which is not the issue presented," and "[r]ather, the issue, again, is whether Marlborough interfered with his FMLA usage when it did not timely notify him of the calculation method it used." Def. Reply at 7.

The Court agrees in part.

To the extent that the collective bargaining agreement is not relevant to addressing Mr. Foley's FMLA interference claim, as described in this Court's summary judgment ruling and otherwise discussed herein, the collective bargaining agreement will be excluded from being introduced at trial in order to avoid confusing the jury about the issue it has to decide. *See Brocuglio v. Proulx*, 478 F. Supp. 2d 309, 331 (D. Conn. 2007), aff'd, 324 F. App'x 32 (2d Cir. 2009) (determining that evidence was "confusing, misleading, and would create undue delay").

Accordingly, Plaintiff's motion *in limine* be denied without prejudice for renewal, consistent with this ruling.

### B. Motion *in Limine* to Preclude Discussions of ADA Acommodations

Mr. Foley moves *in limine* "to preclude admission of all evidence, testimony and argument regarding Ms. Traversa and Defendant's alleged attempts to discuss Americans with Disabilities Act ('ADA') accommodations with Plaintiff." ADA Mot at 1. He argues that "[t]his evidence is extraneous and has no probative value – it will distract and confuse jurors rather than

20

help them consider the relevant evidence and resolve the issues in this case." *Id.*

Defendant argues that "[Mr.Foley]'s Motion in Limine should be denied because the evidence is relevant to establishing that Plaintiff was not prejudiced in his ability to take FMLA." Opp'n to ADA Mot at 1. Moreover, Defendant argues that "[t]his evidence has probative value because it pertains to a critical issue in this case: that Plaintiff was not prejudiced by any lack of notice about Marlborough's use of the 'rolling method' to calculate FMLA because he was permitted to exhaust and exceed all eligible FMLA leave and Marlborough sought to determine if it could accommodate any continued need for leave, but he refused to discuss this offer of an accommodation." *Id.*

The Court agrees.

"Where evidence is admissible for one purpose but is inadmissible for another, the trial judge should, when requested, instruct the jury as to the limited purpose for which the evidence may be considered . . . . [L]imiting instructions are an accepted part of our present trial system." *United States v. Cummings*, 858 F.3d 763, 776 (2d Cir. 2017) (citations and quotations omitted). Here, Defendant intends to offer this evidence for the limited purpose of showing that Mr. Foley made "the decision not to return to work full-time despite Defendant's attempt to accommodate his medical condition." Opp'n to ADA Mot at 4. Given this limited purpose, the probative value of this evidence outweighs any alleged prejudice. *See Ultegra LLC v. Mystic Fire Dist.*, 676 F. App'x 33, 35 (2d Cir. 2017) (describing courts as applying a "highly deferential" standard of review to Rule 401 and 403 challenges "in recognition of the district court's 'superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice'").

Accordingly, Plaintiff's motion *in limine* will be denied without prejudice to renewal, consistent with this ruling.

### C.  Motion *in Limine* to Preclude Statements from Cris Moses

Mr. Foley moves *in limine* to preclude statements to the jury regarding hearsay statements of Cris Moses until such time as those hearsay statements are deemed properly admissible. Moses Mot. at 1. Mr. Foley argues that "Cris Moses is an investigator with the Department of Labor. The first statement was made in an investigation report authored by Ms. Moses and the second statement was made in Defendant's transcription of an alleged conversation with Ms. Moses." *Id.*  Moreover, Mr. Foley contends that "Defendant's joint trial memorandum has listed Ms. Moses as a witness, pending approval from the United States Department of Labor pursuant to 29 C.F.R. §§ 2.20- 2.25," and "[b]ased on Defendant's description of Ms. Moses' testimony in the joint trial memorandum as well as statements in its Motion for Summary Judgment, Defendant will attempt to introduce evidence of a hearsay statement contained in Ms. Moses' Department of Labor investigation report as well as statements attributed to Ms. Moses in an incomplete 'transcript' of a conversation between Defendant and Ms. Moses." *Id.*

Defendant argues that "Federal Rule of Evidence 803(8) provides a hearsay exception for a record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness." (internal quotations omitted).

Moreover, Defendant contends that "[b]oth statements by Moses qualify for this exception," and "[t]he statements arose from Ms. Moses' investigation of Plaintiff's claims about Marlborough's administration of his FMLA time. Opp'n to Moses Mot at 3. Defendant also argues that "[s]he had no reason to be untruthful in her statements, thus there are no circumstances that could indicate a lack of trustworthiness," and "[Mr. Foley's] claims that the lack of a record of a discussion of the calculation method between Ms. Moses and him suggests that the conversations did not occur, but the records of Ms. Moses' conversation do not include verbatim notes of her conversations with Plaintiff." *Id.*

Mr. Foley further argues that "Moses' first statement, contained within her report from her investigation into Plaintiff's September 11, 2018 complaint, does not contain any of the indicators of trustworthiness," and "[a]s discussed extensively in Plaintiff's Motion in Limine, Ms. Moses does not have any factual support for her hearsay statement." Pl. Reply at 2.

Moreover, Mr. Foley argues that "Ms. Moses' first statement is based on unsworn statements not contained in a hearing and disputed by Plaintiff," and "[t]his is enough to find that the public office exception does not apply for the statement made in Ms. Moses' report." *See Grant v. Lockett*, Docket Nos. 19-469, 19-738, 19-1558, 2021 U.S. App. LEXIS 36164, at *7 n.3 (2d Cir. Dec. 8, 2021) ("[W]e note that the findings here, among other things, were based on unsworn statements that were neither memorialized nor subject to cross examination . . . The CRB Findings were not admissible pursuant to the public records exception either.")." *Id*.

The Court agrees in part.

Under Federal Rule of Evidence 803(8), "the evidence must (1) contain factual findings, and (2) be based upon an investigation made pursuant to legal authority. Once a party has shown that a set of factual findings satisfies the minimum requirements of Rule 803(8)(C), the

admissibility of such factual findings is presumed. The burden to show 'a lack of trustworthiness' then shifts to the party opposing admission." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000).

"When evaluating the trustworthiness of a factual report, we look to (a) the timeliness of the investigation, (b) the special skills or experience of the official, (c) whether a hearing was held and the level at which it was conducted, and (d) possible motivation  problems." *Id.*

Here, Ms. Moses' statements made in her release reports are unsubstantiated. First, Ms. Moses makes a statement in her report detailing that "there was credible information that came from the C and the ER that the C knew at the very least that the ER used either 'rolling forward' as verbally expressed from C and 1st Selectman) or 'backward' (as the Attorney indicated in written response after initial contact with the C and/or 1st Selectman)." *See* Pl. Exhibit A, p.24– 34.  There is no record to substantiate this statement made by Ms. Moses. *See* Pl. Ex. B. (describing the conversation between Ms. Traversa and Ms. Moses, "after it was transcribed it was not retained"). Additionally, under Fed. E. R. 803, the lack of trustworthiness is seen through its lack of "independent indicia of reliability to justify its admission." *City of New York v. Pullman Inc.,* 662 F.2d 910, 914 (2d Cir. 1981). In addition, the confusion between the validity of Ms. Moses report supports the notion of the report as being untrustworthy. *See id.* at 915 ("[A] close reading of the report makes it evident that the broad language did not embody the findings of an agency, but the tentative results of an incomplete staff investigation.").

Second, Ms. Moses makes statement detailing the proposed FMLA calculation made by Mr. Foley that is also unsubstantiated. *See* Pl. Ex. C ("I'm going to say to you when Mr. Foley first . . . he and I had our first intake, I asked him do you know what the 12 month period is, he said "oh I think they do some rolling forward and it's including my mom's time.") Mr. Foley

rebuts making this statement and Defendant are not able to provide any record substantiating Ms. Moses' statement regarding the "rolling out method". *See* Pl. Ex. A. p.389–390 ("I NEVER said that 'I think they do something.rolling forward  and it's including my mom's time.'").

 "The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (quoting Fed R. Evid. 801(c)). "Hearsay is admissible only if it falls within an enumerated exception." *Id.* (citing Fed. R. Evid. 802).

Here, if Ms. Moses is allowed to testify, Mr. Foley's alleged admission can be deemed admissible as a hearsay exception. *See Doe ex rel. Doe v. Darien Bd. of Educ.*, 110 F. Supp. 3d 386, 396 (D. Conn. 2015) ("[A] declarant-witness's prior statement is not hearsay if the 'declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is consistent with the declarant's testimony.'"). Therefore, if the Department of Labor allows Ms. Moses to testify, Mr. Foley's alleged admission can be deemed admissible.

Accordingly, Plaintiff's motion *in limine* will be denied without prejudice for renewal consistent with this ruling.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* to Preclude Testimony, Evidence, and Argument , ECF No. 147, is **GRANTED in part** and **DENIED in part without prejudice**.

Plaintiff's motion *in limine* to preclude discussions of ADA Accommodations, ECF No. 152, is **DENIED without prejudice**.

Plaintiff's motion *in limine* to preclude statements from Cris Moses, ECF No. 153, is **DENIED without prejudice.**

SO ORDERED at Bridgeport, Connecticut, this 6th day of January, 2023.

       /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge